**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**ORISKA CORPORATION**, *individually and derivatively to Carrier-Defendant Oriska Insurance Company*,

                           **Plaintiff,**

  vs.                                              **1:21-cv-104
(MAD/DJS)**

**HIGHGATE LTC MANAGEMENT, LLC**, *et al.*,

                           **Defendants.**

---

**ORISKA CORPORATION**, *individually and derivatively to Carrier-Defendant Oriska Insurance Company*,

                           **Plaintiff,**

  vs.                                              **1:21-cv-106
(MAD/DJS)**

**TROY OPERATING CO. LLC (DIAMOND)**, *et al.*,

                           **Defendants.**

---

**ORISKA CORPORATION**, *individually and derivatively to Carrier-Defendant Oriska Insurance Company*,

                           **Plaintiff,**

  vs.                                              **1:21-cv-109
(MAD/DJS)**

**NISKAYUNA OPERATING CO., LLC**, *et al.*,

                           **Defendants.**

---

**APPEARANCES:**                                **OF COUNSEL:**

**OFFICE OF FRANK POLICELLI**        **FRANK POLICELLI, ESQ.**
10 Steuben Park
Utica, New York 13501
Attorneys for Plaintiff

| | |
|---|---|
| **CULLEN & DYKMAN LLP** | **CHRISTOPHER E. BUCKEY, ESQ.** |
| 80 State Street, Suite 900 | **NICHOLAS J. FASO, ESQ.** |
| Albany, New York 12207 | **TIMOTHY CHORBA, ESQ.** |
| Attorneys for the Employer Defendants | |
| | |
| **KERNAN PROFESSIONAL GROUP, LLP** | **JOSEPH MCBRIDE, ESQ.** |
| 26 Broadway, 19th Floor | |
| New York, New York 10004 | |
| Attorneys for the Class Defendants | |

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

These actions are three of twenty-six cases commenced by Plaintiff Oriska Corporation in New York Supreme Court. Plaintiff Oriska Corporation commenced these action in Schenectady and Rensselaer County Supreme Court in November of 2019, arising from a dispute over workers' compensation insurance policies issued by Oriska Insurance Company ("OIC"), a fully-owned subsidiary of Plaintiff. *See* Dkt. No. 1.[1] On or about January 16, 2021, Plaintiff filed an "Amended Complaint" in state court while the case was stayed and pending completion of an intra-state court transfer ordered by the New York Litigation Coordination Panel. *See* Dkt. No. 1-2. The amended complaint added "Class Defendants" and several causes of action under the Employee Retirement Income Security Act ("ERISA"). *See id.* Shortly thereafter, on January 29, 2021, the Class Defendants removed the case to this Court, on the basis of the newly added federal claims. *See* Dkt. No. 1.

On March 1, 2021, the original defendants to the state-court actions ("Employer Defendants") moved to remand to state court. *See* Dkt. No. 8-1. First, the Employer Defendants noted that removal was improper because the amended complaint was filed at a time when the

---

[1] All of the parties represented in these actions are represented by the same counsel and have filed nearly identical motions in all three cases. Therefore, unless otherwise indicated, references to the docket will refer to the motions pending in Case No. 1:21-cv-104.

state-court action was stayed and, therefore, the amended complaint was not the operative pleading and no basis for federal subject matter existed. *See id.* at 6-7. Moreover, the Employer Defendants noted that the newly named "Class Defendants" were being represented by an attorney with the Kernan Professional Group LLP, James Kernan, who initially commenced this action on behalf of Plaintiff, which further demonstrated the impropriety of the removal and the addition of these "Class Defendants." *Id.*[2] Finally, the Employer Defendants noted that removal was improper because they did not consent to removal and that this was clearly an attempt at forum shopping by Plaintiff. *See id.*

On May 11, 2021, the Class Defendants filed a motion with this Court and the Judicial Panel on Multidistrict Litigation ("JPMDL") seeking to transfer and consolidate these actions with cases pending in the Southern District of New York. *See* Dkt. No. 14. In light of this motion, the Court stayed resolution of the motion to remand pending resolution by the JPMDL. *See* Dkt. No. 18. On August 11, 2021, the JPMDL denied transfer. *See* Dkt. No. 21.

Thereafter, on August 26, 2021, Plaintiff filed a motion to remand these actions claiming that they are moot "because [those] action[s] [are] now in the process of being discontinued by

---

[2] The Court notes that while Mr. Kernan has formally appeared on behalf of Oriska Corporation and the Class Defendants in most, if not all, of the 2019 Actions at the state court level and on behalf of the Class Defendants in the cases pending in the Eastern and Southern Districts of New York, he has not appeared in the proceedings before the Northern District of New York. Undoubtedly, the reason for this discrepancy is Mr. Kernan's removal from the Northern District's barr roll and his prior disqualification from representing Oriska Corporation's subsidiary, Oriska Insurance Company, in a previous lawsuit in the Northern District. *See In re Kernan*, No. 6:19-MC-1, 2019 WL 6610672, *2 (N.D.N.Y. Dec. 4, 2019); *see also Oriska Ins. Co. v. Avalon Gardens Rehabilitation & Health Care Center, LLC*, No. 6:18-cv-1030, 2018 WL 6074693 (N.D.N.Y. Nov. 21, 2018), *aff'd* 826 Fed. Appx. 117 (2d Cir. 2020). Despite the lack of his formal appearance in the instant proceeding, the Notice of Removal in this action makes it obvious that he is clearly still involved in this proceeding. While the Notice of Removal is signed by Joseph McBride on behalf of the Kernan Professional Group LLP, the contact information provided below the signature line is Mr. Kernan's, including the email address jkernan@kernanllp.com. *See* Dkt. No. 1 at 19-20.

Plaintiff Oriska Corporation under NY CPLR § 3217." Dkt. No. 22 at 4.  Plaintiff notes that the discontinuance cannot occur until these actions are remanded to state court.  *See id.*  On September 15, 2021, "counsel" for the Class Defendants consented to Plaintiff's motion to remand.  *See* Dkt. No. 23.  Counsel for the Employer Defendants have not responded to Plaintiff's motion to remand.  However, given the Employer Defendants earlier filed motions to remand, which are still pending, no opposition was expected.

Having reviewed the parties' submissions, the Court finds that these actions must be remanded to state court.  *See Ferguson v. Hanson Aggregates New York, Inc.*, No. 6:07-cv-1012, 2007 WL 9773145, *1-2 (N.D.N.Y. Dec. 4, 2007) (noting that the court may grant an unopposed motion to remand "without engaging in an in-depth analysis of the merits of that motion") (citing cases).  Here, even without the consent of all parties, remand would be required.  A removing party must obtain the consent of all "properly joined and served" defendants for a federal court to exercise jurisdiction over the action.  *Williams v. Connell*, No. 12-cv-3593, 2017 WL 2829686, *3 (E.D.N.Y. June 29, 2017) (quoting 28 U.S.C. § 1446(b)(2)(A)).  This rule of unanimity is "strictly interpreted and enforced."  *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006).  If it is not satisfied, then "the petition is defective and the case must be remanded."  *Snakepit Auto., Inc. v. Superperformance Int'l, LLC*, 489 F. Supp. 2d 196, 201 (E.D.N.Y. 2007).  The rule of unanimity "advances the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal in favor of remand."  *Bedminster Fin. Grp., Ltd. v. Umami Sustain able Seafood, Inc.*, No. 12-cv-5557, 2013 WL 1234958, *5 (S.D.N.Y. Mar. 26, 2013).

There are three exceptions to the rule of unanimity.  *See id.* at *6.  "A party asserting proper removal may raise an exception to the unanimity rule when: (1) the non-joining defendants

have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; or (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)." *Snakepit Automotive*, 489 F. Supp. 2d at 201-02.

In the present matter, the Employer Defendants are the original defendants in the state-court actions and did not consent to removal to federal court. *See* Dkt. No. 8. The Employer Defendants had been served at the time of removal. Moreover, the Employer Defendants are clearly not nominal parties to this action. Finally, the claims raised in these actions do not fall within the exception provided in Section 1441(c). Accordingly, the Court grants the Employer Defendants motions to remand.

In addition to seeking remand, the Employer Defendants request an award of attorneys' fees and costs. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A court may exercise its discretion to award fees and costs "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, counsel for the Class Defendants' failure to obtain the consent of the Employer Defendants to remove this action – one of the statutory requirements for any notice of removal – was objectively unreasonable. Indeed, other courts in the Second Circuit have held that a removing defendant's failure to comply with the Rule of Unanimity merits the imposition of costs and attorneys' fees. *See Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 331 (S.D.N.Y. 2007) ("the Court finds that it was objectively unreasonable for the removing defendants in the Alexander Action to seek removal where they were aware that ITEC had not consented to removal but nevertheless disregarded the clearly applicable bar against removal in

5

such a situation"); *Greenridge v. Mundo Shipping Corp.*, 60 F. Supp. 2d 10, 12 (E.D.N.Y. 1999) (awarding attorneys' fees where the "impropriety of the removal should have been clear"). As such, the Court finds that the Employer Defendants are entitled to attorneys' fees and costs incurred as a result of the removal. *See Percy v. Oriska General Contracting*, No. 20-cv-6131, 2021 WL 2184895, *9-10 (E.D.N.Y. May 27, 2021) (awarding attorneys' fees in eighteen actions that were removed to federal court in companion cases to the present matters involving the exact same conduct at issue here and noting that Mr. Kernan's "coordination with Policelli, who was his former lawyer in disciplinary proceedings against him and the who is current lawyer for Oriska, suggests a willful attempt to evade the restriction on Kernan providing legal services to Oriska and to avoid litigation in a federal district where he was disbarred").

Accordingly, the Court hereby

**ORDERS** that the Employer Defendants' motions to remand are **GRANTED**; and the Court further

**ORDERS** that all other pending motions in these actions are **DENIED as moot**; and the Court further

**ORDERS** that the Clerk of the Court shall **REMAND** these actions to the New York State Supreme Court; and the Court further

**ORDERS** that the Employer Defendants shall filed their motions for attorneys' fees and costs within **THIRTY (30) DAYS** of the date of this Order;[3] and the Court further

---

[3] While these cases will otherwise be closed, this Court "retains jurisdiction to decide a motion for fees and costs under 28 U.S.C. § 1447(c) after it has remanded a cases to state court." *Calabro v. Aniqa Halal Live Poultry Corp.*, No. 09-cv-4859, 2009 WL 48932000, *3 n.4 (E.D.N.Y. Dec. 15, 2009) (citing *Bryant v. Britt*, 420 F.3d 161, 162 (2d Cir. 20050).

6

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules and close these cases.

**IT IS SO ORDERED.**

Dated: November 4, 2021
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge