**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**ORISKA CORPORATION,** *individually and derivatively to Carrier-Defendant Oriska Insurance Company*,

                              **Plaintiff,**

  vs.

**HIGHGATE LTC MANAGEMENT, LLC,** *et al.*,

                             **Defendants.**

**1:21-cv-104 (MAD/DJS)**

---

**ORISKA CORPORATION,** *individually and derivatively to Carrier-Defendant Oriska Insurance Company*,

                               **Plaintiff,**

  vs.

**TROY OPERATING CO. LLC (DIAMOND),** *et al.*,

                             **Defendants.**

**1:21-cv-106 (MAD/DJS)**

---

**ORISKA CORPORATION,** *individually and derivatively to Carrier-Defendant Oriska Insurance Company*,

                               **Plaintiff,**

  vs.

**NISKAYUNA OPERATING CO., LLC,** *et al.*,

                             **Defendants.**

**1:21-cv-109 (MAD/DJS)**

---

**APPEARANCES:**                                     **OF COUNSEL:**

**OFFICE OF FRANK POLICELLI**                **FRANK POLICELLI, ESQ.**
10 Steuben Park
Utica, New York 13501
Attorneys for Plaintiff

| | |
|---|---|
| **CULLEN & DYKMAN LLP**<br>80 State Street, Suite 900<br>Albany, New York 12207<br>Attorneys for the Employer Defendants | **CHRISTOPHER E. BUCKEY, ESQ.**<br>**NICHOLAS J. FASO, ESQ.**<br>**TIMOTHY CHORBA, ESQ.** |
| **CITY OF UTICA –**<br>**CORPORATION COUNSEL**<br>1 Kennedy Plaza, 2nd Floor<br>Utica, New York 13502<br>Attorneys for the Class Defendants | **JOSEPH MCBRIDE, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

These actions are three of twenty-six cases commenced by Plaintiff Oriska Corporation in New York Supreme Court. Plaintiff Oriska Corporation commenced these actions in Schenectady and Rensselaer County Supreme Court in November of 2019, arising from a dispute over workers' compensation insurance policies issued by Oriska Insurance Company ("OIC"), a fully-owned subsidiary of Plaintiff. *See* Dkt. No. 1.[1] On or about January 16, 2021, Plaintiff filed an "Amended Complaint" in state court while the case was stayed and pending completion of an intra-state court transfer ordered by the New York Litigation Coordination Panel. *See* Dkt. No. 1-2. The amended complaint added "Class Defendants" and several causes of action under the Employee Retirement Income Security Act ("ERISA"). *See id.* Shortly thereafter, on January 29, 2021, the Class Defendants removed the case to this Court, on the basis of the newly added federal claims. *See* Dkt. No. 1.

On March 1, 2021, the original defendants to the state-court actions ("Employer Defendants") moved to remand to state court. *See* Dkt. No. 8-1. First, the Employer Defendants

---

[1] All of the parties represented in these actions are represented by the same counsel and have filed nearly identical motions in all three cases. Therefore, unless otherwise indicated, references to the docket will refer to the motions pending in Case No. 1:21-cv-104.

2

noted that removal was improper because the amended complaint was filed at a time when the state-court action was stayed and, therefore, the amended complaint was not the operative pleading and no basis for federal subject matter existed.  *See id.* at 6-7.  Moreover, the Employer Defendants noted that the newly named "Class Defendants" were being represented by an attorney with the Kernan Professional Group LLP, James Kernan, who initially commenced this action on behalf of Plaintiff, which further demonstrated the impropriety of the removal and the addition of these "Class Defendants."  *Id.*  Finally, the Employer Defendants noted that removal was improper because they did not consent to removal and that this was clearly an attempt at forum shopping by Plaintiff.  *See id.*

On May 11, 2021, the Class Defendants filed a motion with this Court and the Judicial Panel on Multidistrict Litigation ("JPMDL") seeking to transfer and consolidate these actions with cases pending in the Southern District of New York.  *See* Dkt. No. 14.  In light of this motion, the Court stayed resolution of the motion to remand pending resolution by the JPMDL.  *See* Dkt. No. 18.  On August 11, 2021, the JPMDL denied transfer.  *See* Dkt. No. 21.

Thereafter, on August 26, 2021, Plaintiff filed a motion to remand these actions claiming that they are moot "because [those] action[s] [are] now in the process of being discontinued by Plaintiff Oriska Corporation under NY CPLR § 3217."  Dkt. No. 22 at 4.  Plaintiff noted that the discontinuance cannot occur until these actions are remanded to state court.  *See id.*  On September 15, 2021, "counsel" for the Class Defendants consented to Plaintiff's motion to remand.  *See* Dkt. No. 23.  Counsel for the Employer Defendants did not respond to Plaintiff's motion to remand.  However, given the Employer Defendants' earlier-filed motions to remand, which were still pending, no opposition was expected.

3

Since all parties agreed to remand, on November 4, 2021, the Court granted the motion to remand, finding that remand would have been appropriate even without the consent of all parties. *See* Dkt. No. 24. Specifically, the Court found that the Employer Defendants were the original defendants in the state-court actions and did not consent to removal to federal court. *See* Dkt. No. 24 at 5. Additionally, the Court noted that none of the three exceptions to the Rule of Unanimity applied, since the Employer Defendants had been served with the complaint in the state-court actions at the time the removal petition was filed, the Employer Defendants were not merely nominal parties, and this case does not involved a removed claim that is a separate and independent claim as defined by 28 U.S.C. § 1441(c). *See id.*

In addition to remanding this case, the Court also granted the Employer Defendants' request for an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). *See* Dkt. No. 24 at 5-8. Specifically, the Court found that counsel for the Class Defendants' failure to obtain the consent of the Employer Defendants to remove this action – one of the statutory requirements for any notice of removal – was objectively unreasonable and that other courts have found that failure to comply with the Rule of Unanimity merits the imposition of attorneys' fees. *See id.* at 5-6 (citing cases).

Plaintiff Oriska Corporation and the Class Defendants now move for reconsideration of the Court's November 4, 2021 Order insofar as the Court granted the Employer Defendants request for attorneys' fees and costs. *See* Dkt. No. 27. "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995). Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."

4

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*

In their motions, Plaintiff Oriska Corporation and the Class Defendants contend that it was objectively reasonable for them to believe that they did not need to comply with the Rule of Unanimity "because the defendants in Schenectady and Rensselaer Counties were never served according to the State court dockets, and that the notices of removal were properly made in Schenectady and Rensselaer Counties because the transfer orders of all these cases to Oneida County were never effectuated until September 22, 2021." Dkt. No. 27-1 at ¶ 2.  The Court disagrees.

Contrary to Plaintiff Oriska Corporation and the Class Defendants assertions, there was nothing objectively reasonable about any of their conduct in this litigation, both in state court and upon removal to this Court.  The underlying state-court litigation began in 2019 and the Employer Defendants had been served with the original complaints and appeared in that action.  The newly named Class Defendants were not named in the suit until nearly two years later.  No objectively reasonable attorney would believe that they did not need the consent of the original and, arguably, only properly-named defendants before the action could be removed.

Regardless of whether it was objectively reasonable for the Class Defendants to believe that the Rule of Unanimity did not apply because there was no proof of service filed on the state-court document, attorneys' fees would still be warranted.  Plaintiff Oriska Corporation improperly filed the amended complaint in the state-court actions at a time when those actions were stayed pending completion of an intra-state court transfer ordered by the New York Litigation Coordination Panel.  *See* Dkt. No. 8-6 at 4, 6; Dkt. No. 8-7 at 9.  The original state-court complaints contained no federal cause of action.  Since the state-court actions were not open to

substantive filings at the time the amended complaints were filed, there was no basis to remove these cases to this Court based on federal-question jurisdiction because the amended complaint would be considered a legal nullity.  *See Nikolic v. Fed'n Emp't & Guidance Serv.*, 18 A.D.3d 522, 524 (2d Dep't 2005) (holding that "plaintiff's service of the amended summons and complaint was a nullity since he served these papers without leave of court or a stipulation of the parties in accordance with CPLR 3025(b)"); *Dauerheim v. Lendlease Cars*, 202 A.D.2d 624, 625 (2d Dep't 1994) (holding that the "failure to obtain court approval rendered the plaintiff's amended complaint a legal nullity").  Plaintiff Oriska Corporation's filing of amended complaints in stayed cases without permission of the court does not render their subsequent removal of those cases any more reasonable.  Rather, it further demonstrates just how unreasonable Plaintiff Oriska Corporation's actions have been in these cases and in the more than fifty (50) lawsuits that it and its wholly-owned subsidiary – OIC – have filed in the state and federal courts of New York.  In each of these cases, OIC has essentially argued that its insureds (the Employer Defendants) owed unpaid insurance premiums.  The New York State Supreme Court, Oneida County, has flatly and repeatedly rejected those claims in the cases that have already been decided.  *See* Dkt. No. 8-1 at 8 (citing cases).

      Plaintiff then commenced this latest round of lawsuits against twenty-six "Employer Defendants" in a blatant attempt at forum shopping in November 2019.  Rather than commence these new lawsuits in Oneida County, as it had with the prior lawsuits, it commenced them in courts across New York State.  It then appealed to the New York State Litigation Coordination Panel and petitioned that the actions be coordinated essentially anywhere other than Oneida County.  By an order dated April 30, 2020, the Panel rejected Plaintiff's attempt at forum

shopping and directed that these actions be coordinated before the Supreme Court, Oneida County. *See* Dkt. No. 8-7.

After Plaintiff's forum-shopping efforts failed at the state level, Plaintiff then filed amended complaints in most of its 2019 actions and asserted causes of action under ERISA in an apparent attempt to establish federal subject matter jurisdiction. Plaintiff also altered the structure of the actions to include the "Class Defendants" representing many of the "Employee Defendants" named in the original complaints and purported to add various additional defendants that were not previously named. Additionally, for reasons not entirely clear, the Employer Defendants' counsel was named as a defendant in these amended complaints, as well as various state officials, who were not named in the original complaints.

As the JPMDL noted in its order denying the motion for centralization, the only reason these actions appear to have been removed to this Court, was so that Plaintiff Oriska Corporation could attempt to consolidate these cases with another case pending in the Southern District of New York, and have the consolidated cases tried there by Mr. Kernan, where he is admitted to practice. Additionally, the Court notes that, although Mr. Kernan represented Oriska Corporation in many of the cases filed throughout the state (and in state court prior to removal to this Court), he is not the attorney of record in these cases but is still clearly improperly coordinating the litigation (as evidenced by the fact that, although the notice of removal was filed on behalf of the Class Defendants by another attorney at the "Kernan Professional Group LLP, with jkernan@kernanllp.com as the email address under the signature line). The Court struggles to comprehend a situation where it would be appropriate for an attorney representing the plaintiff while simultaneously representing newly named defendants in that same litigation. The only plausible conclusion is that this was a coordinated effort by Plaintiff Oriska Corporation and the

7

newly added Class Defendants to get this action into federal court to avoid the inevitable fact that the cases would be transferred to Oneida County Supreme Court if they were not removed. Indeed, at least one federal court was so flummoxed by this same conduct, that it ordered James Kernan to show cause why he should not be referred to the Disciplinary Committee for the Eastern District of New York. *See Percy v. Oriska General Contracting*, No. 20-cv-6131, 2021 WL 2184895, *2-10 (E.D.N.Y. May 27, 2021).[2] The Court will not take the same step in the present matter, but counsel is warned that such conduct in the future will not be tolerated.

The decision to amend these cases while their was a stay in place to add to add a federal cause of action and sham "Defendants," and then remove the cases to this Court are a small sampling of the objectively unreasonable actions that have been taken over the course of this litigation. As such, the Court finds that an award of attorneys' fees and costs, including any fees and costs associated with responding to the Class Defendants' motion for reconsideration, is appropriate and denies the motion for reconsideration.

Accordingly, the Court hereby

**ORDERS** that the Class Defendants' motion for reconsideration (Dkt. No. 27) is **DENIED**; and the Court further

**ORDERS** that the Employer Defendants shall filed their motions for attorneys' fees and costs within **THIRTY (30) DAYS** of the date of this Order; and the Court further

---

[2] The Court notes that the Fourth Department recently affirmed a decision by the New York State Department of Financial Services ("DFS") that not only prohibited Mr. Kernan from engaging in the business of insurance, but also ordered that he was prohibited from providing legal or engineering services to Oriska Corporation, either directly or indirectly. *See Kernan v. Emami*, 192 A.D.3d 1629 (4th Dep't 2021).

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules and close these cases.

**IT IS SO ORDERED.**

Dated: April 22, 2022
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge